UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY ROBERSON**, | ) | Case No. 5:09 CV 1681 |
| | ) | |
| Petitioner, | ) | Judge Sara Lioi |
| | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **MAGGIE BEIGHTLER**, | ) | (Regarding ECF #1) |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

**I. Overview of State Procedural History:**

Petitioner Anthony Roberson is a prisoner in state custody who seeks habeas corpus relief pursuant to a counseled petition under 28 U.S.C. §2254 to overturn his April 11, 2008 convictions and sentences from the Stark County, Ohio Court of Common Pleas on three counts: trafficking in cocaine; possession of cocaine (both with major drug offender specifications); and, due to a high speed chase when Roberson attempted to evade capture, failure to comply with the order of a police officer. (See Respondent's Ex. 3, ECF # 6-2). Roberson did not go to trial on these charges, but instead, entered into plea negotiations, which led to an April 11, 2008 written "Plea of Guilty-Criminal Rule 11(C)," signed by Roberson and his counsel, and signed as "accepted" by the Common Pleas Court Judge. (Respondent's Ex. 4, ECF # 6-2). Significantly, after stating the maximum penalties for each crime charged and providing an itemized list of relinquished constitutional rights, the last paragraph of this guilty plea agreement stated:

> I understand my right to appeal a maximum sentence and procedural issues regarding this plea; I understand my other limited appellate rights which have been explained to me by the Court, and that any appeal must be filed within 30 days of my sentence. I also understand that in certain circumstances the State may appeal my sentence, I understand the consequences of a conviction upon me if I

am not a U.S. Citizen.

(Respondent's Ex.4 p.13).

The written guilty plea agreement incorporated and complied with all requirements of Ohio Crim. R. 11 (C)(1) through (C)(4).

Roberson appeared briefly before the court on that same day where he was asked if he understood the nature of the charges and maximum penalties. Roberson personally responded affirmatively. He was advised by the court of: the maximum penalties (20 years after merger of the first two counts plus 5 years on the third count and $30,000 in fines); and the constitutional rights being waived; and Roberson personally acknowledged waiver of each of his constitutional rights and that he understood the maximum penalties. This was followed by the court's announcement of the prospective sentence that would be imposed, consisting of 10 years each on the first two counts to run concurrently plus 2 years on the third count, fine of $10, 000, 5 years post-release control, and requirement that Roberson provide a DNA sample. Roberson was then asked to plead, and he personally entered guilty pleas to each count. The court found that the pleas were knowing and voluntary and that the facts supported guilt. The court then imposed the sentence that had been announced prospectively. Finally, Roberson was released to return on April 15, 2010, and informed by the court that "But if you don't come back, the 12 year agreement that I've reached with [defense counsel] would be void." [1] (Plea Tr., Respondent's Ex. 18, ECF # 6-3).

---

[1] This was the only mention of the negotiated plea stated in open court, but it certainly sufficed to meet Ohio R. Crim P. 11(F)'s required statement in open court of the underlying agreement upon which the plea is based when considered with the court's advance reading of the prospective sentence.

Roberson did not timely appeal. Through new counsel, Roberson filed a motion for delayed appeal pursuant to Ohio App. R. 5(A) on December 2, 2008. The Fifth District Court of Appeals noted both the untimeliness of the appeal and the language in the written plea agreement that Roberson understood his appellate rights in denying leave to file delayed appeal. (Respondent's Ex. 5-8). Roberson's motion for reconsideration was also denied. (Respondent's Ex. 9-10). Roberson then timely appealed to the Ohio Supreme Court, which did not accept the appeal. *State v. Roberson* , 122 Ohio St.3d 1410, 907 N.E.2d 1194, 2009 -Ohio- 2751 (Table 2009).

**II. Grounds Raised for Habeas Corpus Review:**

Roberson seeks collateral review of their convictions on the following three grounds:

> **GROUND ONE:** The Ohio Courts entered a decision that was contrary to or an unreasonable application of *Blockburger v. United States* by failing to find that Mr. Robinson's protections against double jeopardy were not violated from the conviction and punishment for trafficking cocaine and cocaine possession on the facts of this case.
>
> **Supporting Facts:** Mr. Roberson was convicted and punished for both trafficking and possession of cocaine. Under the circumstances of this case, the statutory provisions do not satisfy the *Blockburger* same-elements test to permit two separate punishments. The conduct that resulted in the trafficking conviction was the same conduct that resulted in the possession conviction, as Mr. Roberson only possessed the cocaine for the purposes of attempting to traffic the cocaine. In failing to find a reversible error, the Ohio State Courts have ruled contrary to, or unreasonably applied *Blockberger (sic)*.
>
> **GROUND TWO:** The Ohio Courts reached a decision that was contrary to, or and unreasonable application of *Russell v. United States* by failing to find that Mr. Roberson's due process rights were violated when he was convicted for failure to comply, which notice of an element of the offense.
>
> **Supporting Facts:** Mr. Roberson was convicted unconstitutionally based upon an indictment that was defective, as it failed to charge an essential element of the

failure to comply offense, leading Mr. Roberson to plead guilty without notice of that element. The statute neither makes clear the intent to make the offense a strict liability offense nor states culpability. Under that circumstance, an element of the offense was "recklessness" but that element was not charged. In failing to find reversible error in a case where the mens rea element was not charged, the Ohio State Courts have ruled contrary to, or unreasonably applied Russell.

**GROUND THREE:** Mr. Roberson was denied his Sixth Amendment right to counsel in that his trial counsel failed to advise him as to the pros and cons of appealing, failed to advise him as to the right to appeal and time to file a notice of appeal, and failed to file a timely notice of appeal.

**Supporting Facts:** In this case, Mr. Roberson's delay in seeking appeal was the result of ineffective assistance of counsel. As his affidavit demonstrated, leading up to the plea and sentencing hearing, at no time did defense counsel give Mr. Roberson any advice about the right to appeal, when Mr. Roberson might be able to appeal, and what reasons might end up existing to appeal. As the transcript also shows, at the plea and sentencing, the common pleas court did not review with Mr. Roberson any right to appeal. After sentencing, counsel did not discuss with pros and cons of appealing, that he had the right to appeal, or the deadline for filing a notice of appeal. Thus, Mr. Roberson was without counsel as the appeal, as recognized by the U.S. Supreme Court.

(Petition , ECF #1).

## III. Habeas Review can Overlook Exhaustion and Procedural Default:

*A. Exhaustion:*

The warden argues that Roberson has not exhausted the **third** ground. Roberson claims denial of counsel in the "pre-appellate process "[2] resulting in a denial of the Sixth Amendment right to effective assistance of counsel in advising him on an appeal. See *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The warden's position is that this

---

[2] Terminology used by the Ohio Supreme Court in *State v. Gover* 71 Ohio St.3d 577, 580, 645 N.E.2d 1246, 1248 (1995).

ineffective assistance of appellate counsel argument has not been presented to Ohio's courts but may yet be raised pursuant to *State v. Gover*, 71 Ohio St. 3d 577, 645 N.E.2d 1246 (1995), by way of an application for post- conviction relief.

Nonetheless, 28 U.S.C. § 2254(b)(2) "gives the district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims." *Duncan v. Walker*, 533 U.S. 167, 183, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)(Stevens, J., concurring); *Palmer v. Carlton*, 276 F.3d 777, 780 (6th Cir.2002). As shall be explained later, Roberson's ineffective of appellate counsel claim is examined hereafter under Section VI of this report and has no merit.

*B. Procedural Defaults:*

The warden next interjects a series of procedural default arguments. First, the warden argues that federal collateral review of all three grounds is barred due to a procedural default from Roberson's untimely appeal and the state appellate court's denial of leave to file a delayed appeal under Ohio App. R. 5(A). As a critical part of this argument the warden demands this Court find that the Sixth Circuit's decision in *Deitz v. Money*, 391 F.3d 804(6th Cir. 2004), which negates the warden's procedural default argument, was wrongly decided. The warden supplements her specious arguments with reference to the U.S. Supreme Court's decision in *Beard v. Kindler*, -U.S.-, 130 S.Ct. 612, - L.Ed.2d - (2009), contending that it implicitly overruled *Deitz*. Second, with respect to the second and third grounds, the warden claims that the underlying issues were never "fairly presented" to the Ohio Supreme Court as Federal constitutional claims. Third, focusing specifically on the first ground challenge of multiple

punishments contrary to double jeopardy protection, the warden argues that Federal review is precluded by the procedural default of failure to timely object at sentencing. The warden supports this argument with *State v. Comen*, 50 Ohio St.3d 206, 211, 553 N.E.2d 640 (1990), for her proposition that there is a firmly established state procedural rule requiring objection at the earliest opportunity to assert a *Blockburger* double jeopardy claim.[3] Fourth, this time focusing on the second ground challenge to the indictment as defective, the warden argues that Roberson's voluntary and intelligent guilty pleas waived any and all arguments based on defective indictment.

"[W]here the procedural default issue is 'complicated' and 'is unnecessary to [the] disposition of the case'" "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008)(quoting *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir.2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S.Ct. 1517, 1523-24, 137 L.Ed.2d 771 (1997) (Restating that Constitutional reviews are generally to be avoided, but "[j]udicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law.")). The numerous procedural default arguments are complex and it is more efficacious to resolve

[3] At the time of Roberson's appeal to the state courts, there was no firmly established state procedural rule, but there was conflict in the lower courts over whether an agreed sentence in the plea deal waived an appeal of the sentence computation. See *State v. Underwood*, 120 Ohio St. 3d 1484, 900 N.E.2d 197, 2009-Ohio-278 (2009)(accepting appeal under conflict jurisdiction). Some lower courts were extending *State v. Comen*, to this situation. The Ohio Supreme Court recently found that failure to contemporaneously object did not waive the claim of sentencing error resulting in erroneous multiple punishments. See *State v. Underwood*,124 Ohio St. 3d 365, 922 N.E.2d. 923, 2010-Ohio-1(2010).

Roberson's claims on their lack of merit rather than quibble over a prolix report into the many uncertainties of state procedure, or to gratify the warden with a holding that *Deitz* was wrongly decided.

**IV. Ground One- There was No Multiple Punishment Infringement of Double Jeopardy:**

Turning to Ground One, Roberson entered guilty pleas on both the first count of drug trafficking under Ohio Rev. Code §2925.03(A)(1),(C)(4)(g) and possession of a controlled substance in the second count under §2925.11(A)(C)(4)(f). He argued to Ohio's Fifth District Court of Appeals and the Ohio Supreme Court that both charges were "nearly identical, and that the decision in *State v. Cabrales*, 118 Ohio St.3d 54, 886 N.E.2d 181 (2008), holding to the contrary, was an incorrect application of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 2d 306 (1932). (Respondent's Ex. 6, motion for delayed appeal p.11, ECF # 6-2; Respondent's Ex. 12, memorandum in support pp. 9-11, ECF # 6-3).

The state courts did not address Roberson's grounds, other than the state appellate court's decision to deny leave under Ohio App. R. 5(A) for filing a delayed appeal. The result is that Federal District Court must analyze his Constitutional arguments *de novo* and without the constraints imposed under 28 U.S.C. §2254(d). See *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003); *Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir. 2005), *cert. denied*, 126 S.Ct. 1032 (2006); *Cristini v. McKee,* 526 F.3d 888, 897 (6th Cir. 2008) and see *Wiggins v. Smith*, 539 U.S. 510, 534, 123 S.Ct. 2527, 2542, 156 L.Ed.2d 471 (2003).

The Fifth Amendment to the United States Constitution declares, "[n]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb. . ." The jeopardy clause has bee interpreted to provide three protections:

> [I]t protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Ohio v. Johnson*, 467 U.S. 493, 498, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984); and see *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). At issue is Roberson's assertion of multiple punishments for the same offense. See *North Carolina v. Pearce*, 395 U.S. at 717; *Missouri v. Hunter*, 459 U.S. 359, 365-66, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). The multiple punishments aspect of double jeopardy is protection against punishments for a single act when the state legislature did not intend for the punishments to be cumulative. See *Ohio v. Johnson*, 467 U.S. at 499. Accordingly, "whether punishments are 'multiple' is essentially one of legislative intent." *Id.* (citing *Missouri v. Hunter*, 459 U.S. at 366-368).

The "same elements" test, a "rule of statutory construction," is used to determine whether cumulative punishment had been legislatively authorized. See *Missouri v. Hunter*, 459 U.S. at 367 (citing *Albernaz v. United States*, 450 U.S. 333, 340, 101 S.Ct. 1137,1143, 67 L.Ed.2d 275 (1981)); *Blockburger v. United States*, 284 U.S. at 304. As Justice Scalia explains this test is simple:

> Two offenses are different, for double jeopardy purposes, whenever each contains an element that the other does not. See, e.g., *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). That test can be easily and

> mechanically applied, and has the virtue of producing consistent and predictable results.

*Lewis v. United States*, 523 U.S. 155, 176-177, 118 S.Ct. 1135, 1147, 140 L.Ed.2d 271 (1998) (Scalia, J. concurring).

Ohio's drug trafficking prohibition statute makes it a crime to knowingly "[s]ell or offer to sell a controlled substance." Ohio Rev. Code §2925.03(A)(1). In contrast Ohio's drug possession prohibition statute makes it a crime to "knowingly obtain, possess, or use a controlled substance." Ohio Rev. Code §2025.11(A). Obviously the elements differ, and Roberson conceded in his argument that the Ohio Supreme Court has held that the elements between drug trafficking and drug possession differ, allowing for multiple punishment. See *State v. Cabrales*,118 Ohio St. 3d at 61, 886 N.E. 2d at 188 (Respondent's Ex. 12 p. 10, memorandum in support, ECF # 6-3). Roberson has no claim and he compounds his error when he argues that the Ohio Supreme Court misapplied *Blockburger's* "same elements" test in *State v. Cabrales*. Under the *Blockburger* rule, the Federal courts "are bound to accept" the state court's construction of that State's statutes on multiple punishments. See *Missouri v. Hunter*, 459 U.S. at 368, 103 S.Ct. at 679. [4] Contrary to his assertions in Ground One, his protection against double jeopardy was not violated.

[4] Moreover under the "concurrent sentence" doctrine, Roberson has no complaint since he admits that he was currently sentenced to 10 years each on the drug trafficking and drug possession charges. Eliminating one conviction for violating double jeopardy would not disturb his sentence. See *Rutledge v. U.S.* 517 U.S. 292, 301, 116 S.Ct. 1241, 1248, 134 L.Ed.2d 419 (1996); *United States v. Jeter*, 775 F.2d 670 (6th Cir.1985), *cert. denied*, 475 U.S. 1142 1986); *United States v. Greer*, 588 F.2d 1151, 1154 (6th Cir.1978), *cert. denied*, 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244 (1979); but see *Benton v. Maryland*, 395 U.S. 784,789-90, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)(concurrent sentence doctrine does not state a jurisdictional rule).

**V. Ground Two- Indictment Not Defective:**

Roberson contends under Ground Two that the third count of the indictment charging failure to comply with the order of a police officer did not include the *mens rea* or criminal intent element of the crime. He refers to *Russell v. United States* to support his claim. The Federal court initially was at a disadvantage because there are several cases titled *Russell v. United States* and Roberson had not seen fit to provide a case citation. *Russell* was never utilized in an argument to state courts, but Roberson eventually provided a citation to *Russell v. United States*, 369 U.S. 749 (1962), in his habeas reply while quickly regressing into the argument based on *State v. Colon*, 118 Ohio St. 3d 26, 885 N.E.2d 917 (2008).

The Ohio Supreme Court in *State v. Colon* announced a new state rule that "[w]hen an indictment fails to charge a *mens rea* element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment." *Id.*,118 Ohio St.3d at 26 (syllabus). The Ohio Supreme Court has very specifically stressed that this is a new rule which has no retroactive application, but since Roberson's appeal to the Ohio Supreme Court was not adjudicated until June 17, 2009, the new state rule would apply. See *State v. Colon (Colon II)*, 119 Ohio St. 3d 204, 893 N.E.2d 169, 2008-Ohio-3749 (2008)( Rule announced on April 9, 2008); *State v. Roberson*, 122 Ohio St.3d at 1410 (Table June 17, 2009).

*Colon*, though, was not premised on Federal Constitutional principles, but was specifically based on Section 10, Article I of the Ohio Constitution. *Id.*, 118 Ohio St. 3d at 29. Tacking on citation to *Russell v. United States* in Ground Two is an obvious effort to

"Federalize" a state- law-based claim.

Nonetheless, *Russell v. United States*, decided under the Fifth Amendment, was merely an early application of "fair notice" to indictment contents. See *Russell*, 369 U.S. at 764, 82 S.Ct. at 1047. Federal due process is pragmatic allowing an indictment to suffice under the Fourteenth Amendment when it references the principal statutes so that the defendant can glean the *mens rea* element for the charge. See *Williams v. Haviland*, 467 F.3d 527, 535-36 (6th Cir. 2006)(citing *United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992)). All that is required is that the state must give defendant "fair notice" "describ[ing] with some precision and certainty so as to apprise the accused of the crime with which he stands charged" to permit adequate preparation of a defense. *Williams*, 467 F.3d at 535 (citing *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984); and see *Combs v. Tennessee*, 438 F.2d 695, 698 (6th Cir. 1976) *cert. denied*, 425 U.S. 954 (1976); and see *Cole v. Arkansas*, 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed.644 (1948). "Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review." *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002) (citing *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir.1986) ).

"Fair notice" was abundantly present in the third count of the indictment which stated Roberson "willfully" eluded or fled a police officer after receiving a visible or audible signal from a police officer to stop the operation of the motor vehicle driven by Roberson. **[5]**

---

[5] Roberson was charged under Ohio Rev. Code § 2921.331(B), which read:

No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a

(Respondent's Ex. 3, ECF #6-2). Obviously, upon *de novo* review, there was "fair notice," and as an aside, there was no factual basis for Roberson' state law claim.

**VI. Ground Three- Counsel did not Provide Ineffective Assistance:**

Turning finally to the merit of Ground Three, Roberson contends that after sentencing, counsel did not discuss the *pros* and *cons* of appealing, that he had the right to appeal, the deadline for filing a notice of appeal, what reasons existed for an appeal, or how to appeal. (Respondent's Ex. 12, Appx. to memorandum, ECF # 6-3).

Roberson's position is that the District Court must determine whether counsel's deficient performance in the pre-appellate stage is to be assessed under the actual prejudice standard or under the alternate standard of a presumption of prejudice, "when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Roe*, 528 U.S. at 484-85, 120 S.Ct. at 1038-39. Roberson obviously assumes that his circumstances dictate a presumption of prejudice for a denial of counsel.

However, *Roe* did not abrogate the two-part test from *Strickland,* but merely modified it in line with *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985)(which governs the situation when defendant pleaded guilty, as had the defendant in *Roe*) to require that defendant meet a but-for test to establish prejudice. *Roe*, 528 U.S. at 477, 484-85, 120 S.Ct. at

---

stop.

1034, 1039. The first part of the *Strickland* test, *i.e.*, "deficient performance" cannot be ignored. Accordingly, before addressing the second part of prejudice, Roberson must meet the first part of "deficient performance" by counsel. See *Roe*, 528 U.S. at 480, 120 S.Ct. at 1036.

The general test for deficient performance from *Roe* is that trial counsel has a constitutional duty to consult with clients about filing an appeal after the trial proceedings have concluded "when there is reason to think either (1) that a rational defendant would want to appeal ..., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426, 433 -435 (6th Cir.2006)(quoting *Roe*, 528 U.S. at 481)). *Roe* anticipated that "in the vast majority of cases ... counsel had a duty to consult with the defendant about an appeal." *id*. at 481, 120 S.Ct. at 1037; and see *Smith*, 463 F.3d at 434. However, the Supreme Court added with respect to convictions based on guilty pleas:

> Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Roe v. Flores-Ortega*, 528 U.S. at 480, 120 S.Ct. at 1036.

Roberson did receive the sentence he bargained for. He admitted in his affidavit, "I know I had a 'set sentence' agreement with the state." (Respondent's Ex. 12, memorandum Appx., ECF # 6-3). Further, his affidavit avers no facts that would indicate that reasonable counsel

would anticipate that Roberson wanted to appeal, or that Roberson had demonstrated a desire to appeal. See *Smith*, 463 F.3d at 434. If anything, the plea agreement sought "to put an end to judicial proceedings." See *Roe*, 528 U.S. at 480, 120 S.Ct. at 1036. The result is that Roberson has failed to demonstrate that counsel's performance was deficient in the pre-appellate stage.

That initial failure carries into the "but for" test borrowed from *Hill.* As *Roe* stated, "[i]f the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything [.]" *Id*., 528 U.S. at 484, 120 S.Ct. at 1038. Roberson claimed in his affidavit that "[h]ad I known that counts one and two were allied offenses of similar import and that the maximum I was facing for counts one and two was really ten years, *I would not have pleaded guilty* (emphasis supplied)." [6] (Respondent's Ex. 12). Aside from failing to demonstrate the initial portion of deficient performance under *Roe*, this statement does not satisfy the "but for" test because its missing the claim that Roberson would have otherwise *appealed*. *De novo* review of Roberson's third ground establishes no Sixth Amendment violation to counsel in the pre-appellate process.

**VII. Conclusion and Recommendation:**

The undersigned reviewed petitioner's three grounds for habeas corpus *de novo.* With respect to Ground One, Roberson's convictions and sentences did not subject him to multiple

---

[6] As drafted, Roberson's affidavit fits the model for assertions of trial counsel's ineffectiveness in guilty pleas where petitioner must show that there was a reasonable probability that, "but for" counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See *Hill v. Lockhart*, 474 U.S. at 58-59.

punishments contrary to the Fifth and Fourteenth Amendments to the Constitution. With respect to Ground Two, the indictment against Roberson was not defective for failing to provide "fair notice" of the charge in its third count. With respect to Ground Three, Roberson was not denied his Sixth Amendment right to effective assistance of appellate counsel. There has been no demonstrated need for an evidentiary hearing. It is recommended that this application for habeas corpus be denied and dismissed in its entirety. (See ECF #1).

Dated: May 24, 2010

s/James S. Gallas
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).