# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | CASE NO.5:09CV1681 |
| ANTHONY ROBERSON, | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| MAGGIE BEIGHTLER, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

This action is before the Court upon the Report and Recommendation of Magistrate Judge James S. Gallas. (Doc. No. 10.) Petitioner, Anthony Roberson, has filed objections to the Report. (Doc. No. 11.) For the reasons that follow, the Report and Recommendation is ADOPTED, in part, and Petitioner's application for a writ of habeas corpus (Doc. No. 1) is DENIED.

**Background**

Because Petitioner objected only to certain portions of the Magistrate Judge's Report and Recommendation, the remainder of the Report--including its account of the factual and procedural history of the case—is hereby accepted as written. Thus, the Court will only provide a brief review of the background facts sufficient to provide context for the asserted objections.

In December 2007, Petitioner was indicted on charges of trafficking in cocaine, in violation of Ohio Rev. Code § 2925.03(A)(1)(C)(4)(g), with a major drug

offender specification; one count of possession of cocaine, in violation of Ohio Rev. Code § 2925.11(A)(C)(4)(f); and one count of failure to comply with an order or signal of a police officer, in violation of Ohio Rev. Code § 2921.331(B)(C)(5)(a)(iii). (Doc. No. 6-2, Indictment at 8.) Upon arraignment, Petitioner entered a plea of not guilty to these charges.

On April 11, 2008, and pursuant to a negotiated plea, Petitioner changed his plea to that of guilty to the charged offenses. He was sentenced to concurrent prison terms of ten years for the crimes of trafficking in cocaine and possession of cocaine. The trial court also imposed a consecutive sentence of two years for failure to comply. (Doc. No. 6-2, Judgment Entry.) It is undisputed that the trial court imposed the sentence jointly recommended by the parties. Further, as noted by the Magistrate Judge, the plea agreement set forth Petitioner's limited rights of appeal. (*Id.*)

Petitioner did not immediately appeal his conviction and sentence. Instead, on December 2, 2008, Petitioner filed a notice of appeal and a motion for a delayed appeal pursuant to Ohio R. App. P. 5(A). Petitioner's motion was denied as untimely, as the court found that Petitioner had failed to establish good cause for the delay in filing his appeal. Petitioner also filed a motion for reconsideration in the court of appeals, followed by a notice of appeal in the Ohio Supreme Court. The court of appeals denied reconsideration, and the Ohio Supreme Court denied leave to appeal.

Petitioner filed a writ of habeas corpus on August 21, 2009. In his application, Petitioner raised three grounds for relief. (Doc. No. 1, Petition.) In the first ground, Petitioner claims that he was subjected to double jeopardy because he was convicted of both possession of cocaine and trafficking cocaine. He maintains that, under

2

the *Blockburger* same-elements test, the statutory provisions do not permit two separate punishments. In his second ground, Petitioner claims that his indictment is fatally flawed because it allegedly failed to set forth the mens rea for the crime of failure to comply. In his final ground for relief, Petitioner argues that he was denied effective assistance of counsel because his trial counsel failed to advise him of the pros and cons of appealing from his conviction and sentence, which followed his negotiated guilty plea. (*Id.*)

In his Report and Recommendation, the Magistrate Judge elected to not address Respondent's claims of procedural default, finding that the issues surrounding procedural default were complicated, *see Mahadi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008), and elected to reach the merits of Petitioner's claims. With respect to the first ground, he concluded that Petitioner's indictment for possession and trafficking did not expose him to double jeopardy. The Magistrate Judge also recommended that the Court find that the indictment was not defective, and further urged a finding that trial counsel was not ineffective. Ultimately, the Magistrate Judge recommended that the petition be denied in its entirety. Petitioner objects to each finding of the Magistrate Judge.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

With respect to challenges to the determinations made by appellate state courts, this Court has a very limited scope of review. In § 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress enacted a rebuttable

presumption that a federal court may not grant habeas relief from a state court conviction if the last state court adjudicated "on the merits" the same federal law question that is presented to the federal court. Congress further created two exceptions to that bar. Specifically, a federal court may grant habeas relief where the state court adjudication is either "contrary to" or "involved an unreasonable application of" settled federal law, as decided by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Where a ruling in state court is "on the merits," this Court must give "deference to the state court." *McKenzie v. Smith*, 326 F.3d 721, 726-27 (6th Cir. 2003).

**Analysis**

**A.      Petitioner Waived Any Objection to the Indictment**

It is Petitioner's position that the third count of the indictment, charging Petitioner with the failure to comply with the order of a police officer, was defective because it did not include the mens rea, or criminal intent element, for this crime. Petitioner was charged under Ohio Rev. Code § 2921.331(B), which provides: "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." Relying on the decision of the Ohio Supreme Court in *State v. Colon*, 118 Ohio St. 3d 26 (2008) (*Colon I*), modified on reconsideration by, *State v. Colon*, 119 Ohio St. 3d 204 (2008) (*Colon II*), and overruled as set forth in *State v. Horner*, 126 Ohio St. 3d 466, 473 (2010), Petitioner argues that the fact that Ohio Rev. Code § 2921.331(B) does not provide for a mens rea for the portion of the statutory provision relating to the operation of a motor vehicle, leads to the conclusion that the alleged missing mens rea is

4

"recklessness."[1] Because the indictment failed to charge "reckless" operation of a motor vehicle, Petitioner insists that the indictment is defective.

The Magistrate Judge concluded that the indictment provided Petitioner with "fair notice" because it alleged that Roberson "willfully" eluded police after receiving a visible or audible signal to stop his vehicle, and that this notice satisfied due process. (Report at 11.) In his objection to this portion of the Report, Petitioner argues that the Magistrate Judge focused on the wrong mens rea, and that the absence of the proper mens rea, "recklessness," rendered the indictment defective.

At the outset, the Court observes that the decision in *Colon I* was expressly overruled by the Ohio Supreme Court's decision in *State v. Horner*, 126 Ohio St. 3d 466, 473 (2010), wherein the State's high court held that "where an indictment fails to charge a mens rea element of the crime, but tracks the language of the criminal statute describing the offense, the indictment provides the defendant with adequate notice of the charges against him and is, therefore, not defective."[2]

Here, there is no dispute that the indictment tracks the language of Ohio Rev. Code § 2921.331(B) and, therefore, the indictment is not defective. Nonetheless, the Court need not reach the merits of this claim because, by pleading guilty, Petitioner has waived any constitutional challenge to possible defects in the indictment. Claims relating to the deprivation of any constitutional rights that occur before the entry of a voluntary

---

[1]In *Colon I*, the court reviewed Ohio's robbery statute, Ohio Rev. Code § 2911.02 and, noting that the statute did not expressly state the degree of culpability required, and further finding no evidence that the state legislature intended the statute to have strict liability, ruled that the appropriate mens rea was "recklessness." *Colon*, 118 Ohio St. 3d at 28-29.

[2] The court in *Horner* further held that "failure to timely object to a defect in an indictment constitutes a waiver of the error." *Id.* at 473.

guilty plea are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). When a criminal defendant enters a voluntary guilty plea, he waives all non-jurisdictional defects in the proceedings. *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001). As the Supreme Court observed:

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett*, 411 U.S. at 267.

This waiver extends to defects in the indictment. "[A] guilty plea is an admission of all elements of a formal criminal charge [...]." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). *See United States v. Boyd*, 259 F. Supp. 2d 699, 708 (W.D. Tenn. 2003) (defective indictment defense waived by entry of guilty plea); *Peeks v. Sheets*, 2010 U.S. Dist. LEXIS 21202, *22 (S.D. Ohio Mar. 9, 2010) (same). In *Peeks*, the petitioner, relying on *State v. Colon*, raised the similar argument that his conviction for aggravated robbery was invalid because the indictment failed to charge recklessness. The court rejected the argument, holding that "petitioner waived his right to challenge any defect in the indictment by virtue of his guilty plea." *Peeks*, 2010 U.S. Dist. LEXIS 21202, at *22. Likewise, Petitioner's challenge to the indictment is barred by his voluntary guilty plea.

If the Court were inclined to reach the merits of this ground for relief, it would adopt the Magistrate Judge's recommendation and overrule Petitioner's objection.

In his objection, Petitioner relies on the fact that Ohio Rev. Code § 2921.331(A) does not include a mens rea element. Specifically, § 2921.331(A) provides that "No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic." Several lower state courts have found that the absence of a stated mens rea, and the further absence of any indication that the state legislature intended to impose strict liability under this section, leads to the conclusion that the necessary mens rea for § 2921.331(A) is recklessness. *State v. Malcolm*, 2003 Ohio App. LEXIS 5014, ¶ 38 (Ohio Ct. App. 5th Dist. Oct. 17, 2003) (finding "reckless" as proper mens rea for Ohio Rev. Code § 2921.331(A); *State v. Odorizzi*, 2001 Ohio App. LEXIS 1209 (Ohio Ct. App. 5th Dist. Mar. 14, 2001) (same); *State v. Brewer*, 96 Ohio App. 3d 413, 415-16 (Ohio Ct. App. 2nd Dist. 1994) (same)). *But see State v. Newsom*, 2003 Ohio App. LEXIS 2934 (Ohio Ct. App. 7th Dist. June 16, 2003) (questioning whether § 2921.331(A) requires a finding of recklessness); *State v. Walton*, 2000 Ohio App. LEXIS 429 (Ohio Ct. App. 1st Dist. Feb. 11, 2000) (same).

Petitioner, however, was charged under § 2921.331(B) and not (A). Even the decision relied upon by Petitioner, *State v. Brewer*, makes clear that section (B) "describes a separate offense." 96 Ohio App. 3d at 416. "R.C. 2921.331 is not structured so as to proscribe a single act with expressly differentiated degrees of culpability. Rather it proscribes two separate acts that are not grammatically dependent on one another [...]." *Id*. Section 2921.331(B) already contains a mens rea of "willfully" and there is no indication that the state legislature intended a separate mens rea for the operation of the

motor vehicle.[3] *See Malcolm*, 2003 Ohio App. LEXIS 5014, at ¶ 38 ("appellant is charged as violating [2921.331] section (B), and the recklessness requirement is not at issue. Section (B) already contains a mens rea requirement of willfully").

Based upon the foregoing, Petitioner has waived any objection to the indictment. Moreover, had Petitioner not waived this issue, the Court would have found that Petitioner was not deprived of his due process right to fair notice. As such, this objection is overruled.

**B.     Petitioner was not Exposed to Double Jeopardy**

Petitioner also contends that he was subjected to double jeopardy because he was convicted of both drug trafficking, in violation of Ohio Rev. Code § 2925.03(A)(1), and possession of cocaine, in violation of Ohio Rev. Code § 2925.11(A). He argues that because Petitioner was charged with possessing cocaine while having offered to sell it, his actions were implicit with accomplishing the act of trafficking, and the two offenses should, therefore, merge.

In his Report, the Magistrate Judge properly applied the "same elements" test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932) to determine whether these crimes should merge for double jeopardy purposes:  if the elements differ, then sentences under each statute will not constitute multiple punishments for the same offense. *Blockburger*, 284 U.S. at 304 ("A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not,

---

[3] In fact, Petitioner's suggested interpretation of § 2921.331(B), "No person shall *recklessly* operate a motor vehicle so as to willfully elude or flee a police officer [...]," would lead to the ridiculous result that willfully eluding or fleeing a police officer by motor vehicle would be lawful so long as the subject drove his car in a manner that was not reckless.

an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.") *See Lewis v. United States*, 523 U.S. 155, 176-77 (1998) (Scalia, J. concurring) ("Two offenses are different, for double jeopardy purposes, whenever each contains an element that the other does not.") Reviewing the elements of each offense, the Magistrate Judge found that the elements differed, "allowing for multiple for punishment." (Report at 9.)

In reaching this conclusion, the Magistrate Judge relied, in part, on the Ohio Supreme Court's decision in *State v. Cabrales*, 118 Ohio St. 3d 54, 61 (2008), wherein the State's high court ruled that "possession under 2925.11(A) and trafficking under R.C. 2925.03(A)(1) are not allied offenses of similar import because commission of one offense does not necessarily result in the commission of the other." The court in *Cabrales*, in turn, relied upon Ohio Rev. Code § 2941.25(A), which sets forth the Ohio legislature's intent as it relates to multiple punishments for a single offense, and which provides that: "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."[4] In concluding that the two offenses were not allied under Ohio Rev. Code § 2941.25(A), the court reasoned that: "[t]o be guilty of trafficking under R.C. 2925.03(A)(1), the offender must knowingly sell or offer to sell a controlled substance. Trafficking under R.C. 2925.03(A)(1) requires an intent to sell, but the offender need not possess the controlled

---

[4] The converse is found in Ohio Rev. Code § 2941.25(B), which provides that "[w]here the defendant's conduct constitutes two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

9

substance in order to offer to sell it. Conversely, possession requires no intent to sell." *Cabrales*, 118 Ohio St. 3d at 61.

Petitioner concedes the potential impact of the ruling in *Cabrales* on his double jeopardy argument, and further acknowledges that this Court is bound by the State's high court's construction of its statutes. *See Missouri v. Hunter*, 459 U.S. 359, 368 (1983); *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989). Still, he suggests that the Ohio Supreme Court merely ruled that the two offenses were not allied "*in the abstract*," and that, therefore, "the *Cabrales* court did not fully address the question of Ohio legislative intent." (Objections at 5, emphasis in original.) Petitioner misunderstands the ruling in *Cabrales*.

The court in *Cabrales* did not hold that the two offenses were only theoretically dissimilar for purposes of Ohio Rev. Code § 2941.25(A). Instead, the court announced that the test that was to be applied to determine whether offenses were allied requires courts to look at the offenses in the abstract, instead of focusing on the unique facts of any individual case. *Cabrales*, 118 Ohio St. 3d at 57 (quoting *State v. Rance*, 85 Ohio St. 3d 632 (1999) ("we believe that comparison of the statutory elements in the abstract is the more functional test, producing 'clear legal lines capable of application in particular cases'")). *See Fortner v. Warden*, 2010 U.S. Dist. LEXIS 43779, *15 (S.D. Ohio May 5, 2010) (The court in *Cabrales* held that § 2941.25(A) "does not require a strict textual comparison of the criminal offense at issue and does not require that the elements of the offenses align exactly. Rather, if it appears from comparing the elements in the abstract, and without reference to the evidence in any individual case, that one cannot be committed without necessarily committing the other, they are allied offenses of

10

similar import.") Consequently, the Ohio Supreme Court's determination that the state legislature intended for multiple punishments for violations of both Ohio Rev. Code §§ 2925.03(A)(1) and 2925.11(A) is binding on this Court, is consistent with the mandates of *Blockburger,* and forecloses Petitioner's double jeopardy argument. Petitioner's second objection is also overruled.

### C.    Petitioner was not Denied Effective Assistance of Counsel

Finally, Petitioner challenges the Magistrate Judge's finding that he was not denied effective assistance of his trial counsel. In his objection, Petitioner "stands by his argument that the attorney misled him and that his conduct fell below an objective standard of reasonableness." (Objections at 11.) Specifically, he notes that *State v. Colon* (*Colon I*) was decided two days before he entered his guilty pleas, and maintains that trial counsel should have made him aware of the decision and discussed with him the advantages and disadvantages of appealing "in light of the new ruling." (*Id.*)

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The court in *Strickland* announced the now familiar two-prong test to determine if there was ineffective assistance of counsel, which would result in reversible error:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

11

*Strickland*, 466 U.S. at 687.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance […]." *Id*. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Counsel provides constitutionally ineffective assistance at the conclusion of a trial, or following a guilty plea, if he does not consult with his client about filing an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). "In making this determination, courts must take into account all the information counsel knew or should have known." *Id*. With respect to this inquiry, the Court in *Flores-Ortega* observed:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases where the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.* With respect to the prejudice prong of *Strickland*, the Court in *Flores-Ortega* held that "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

Here, there is no dispute that Petitioner's conviction followed a guilty plea, he received the sentence for which he bargained, and the plea agreement waived some or all of his appellate rights. These facts weigh against a finding that a rational defendant would have wanted to appeal. Moreover, there is no evidence that Petitioner reasonably demonstrated to counsel that he was interested in appealing.

Nonetheless, it is true that the existence of non-frivolous grounds for appeal may serve to satisfy both prongs of the *Strickland* test. *See Flores-Ortega*, 528 U.S. at 485-86. Petitioner states in his objection that, had he known about the ruling in *State v. Colon (Colon I)*, he would not have wanted to plead guilty. However, as discussed above, even if Petitioner had not waived this argument by entering a guilty plea, this argument would not have been successful as it was wholly without merit.[5] Moreover, the Court is unaware of any non-frivolous arguments there could have been advanced.[6]

---

[5] In reaching this conclusion, the Court is cognizant of the fact that Petitioner need not demonstrate that his appellate issues would have prevailed in order to establish prejudice. *See Flores-Ortega*, 528 U.S. at 486. Nonetheless, the Court must consider the merits of any argument in order to determine whether non-frivolous arguments exist.

[6] In his affidavit filed in state court, Petitioner focused on his double jeopardy argument, averring that "[h]ad I know that counts one and two were allied offense of similar import and that the maximum I was facing for counts one and two was really ten years, I would not have pleaded guilty." (Doc. No. 6-3, Respondent's Ex. 12.) As set forth above, this argument is also without merit. Moreover, even if this representation would satisfy the prejudice prong of the *Strickland* test, it fails to demonstrate that trial counsel was deficient for failing to discuss meritless appellate issues with Petitioner.

In the absence of any non-frivolous appellate issues, and in light of the fact that Petitioner received the sentence for which he bargained and entered into the plea agreement to bring an end to the criminal proceedings against him, the Court finds that Petitioner has not demonstrated that trial counsel was ineffective for failing to counsel him regarding the advantages and disadvantages of seeking a direct appeal. For these reasons, this objection is also overruled.

**Conclusion**

For the foregoing reasons, the Court **ADOPTS**, in part, the Report and Recommendation of the Magistrate Judge. Petitioner's application for a writ of habeas corpus is **DENIED**.

This Court hereby certifies, pursuant to 28 U.S.C. § 2253(c), that an appeal from the decision would be frivolous and could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: December 30, 2010

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

14